UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

JAMES LEO WASHINGTON, III,

    Petitioner,

v.

SCOTT P. FISHER,

    Respondent.

Civil No. 13-957 (SRN/TNL)

**REPORT AND RECOMMENDATION**

---

This case is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. (Docket No. 1.) The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

Petitioner is an inmate at the Federal Correctional Institution in Sandstone, Minnesota. He is serving a 180-month prison sentence that was imposed in March 2009 in the United States District Court for the Western District of Oklahoma. Petitioner was sentenced after pleading guilty to being a felon in possession of a firearm in violation of 18

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558, 1990 WL 171789, at *3 (N.D.Ill. 1990).

U.S.C. § 922(g)(1). United States v. Washington, Case No. CR-08-250-F.[2]

At the time of Petitioner's sentencing, the trial court determined that he had been convicted of three prior offenses that made him subject to the Armed Career Criminal Act, ("ACCA"), 18 U.S.C. § 924(e). Petitioner's 180-month prison sentence was the mandatory minimum sentence prescribed by the ACCA.

Petitioner did not file a direct appeal after he was convicted and sentenced. He did, however, file a timely motion for post-conviction relief under 28 U.S.C. § 2255. In that motion, Petitioner claimed that (a) he was denied effective assistance of counsel because his attorney did not file a direct appeal, and (b) the trial judge wrongly sentenced him under the ACCA. Following an evidentiary hearing, the trial court denied Petitioner's § 2255 motion. Petitioner attempted to appeal that ruling, but the Tenth Circuit Court of Appeals declined to grant him a Certificate of Appealability, see 28 U.S.C. § 2253, and the appeal was summarily dismissed. United States v. Washington, 425 Fed. Appx. 735 (10th Cir. 2011) (unpublished opinion).

Sometime after the Tenth Circuit's ruling on the § 2255 motion, Petitioner filed an application for post-conviction relief in the state district court in Oklahoma County, Oklahoma. In that proceeding, Petitioner challenged the three state court cases that had caused him to be sentenced under the ACCA in his federal criminal case. Petitioner's state court application for post-conviction relief was adjudicated by the state district court in

---

[2] The record from Petitioner's federal criminal case in the Western District of Oklahoma is available to this Court by means of the Case Management/Electronic Case Filing system ("CM/ECF") that is maintained by the federal judiciary. The Court's understanding of the factual and procedural background of this case is based on a review of the record in Petitioner's Oklahoma criminal case.

Oklahoma County, in an order dated February 4, 2013. (A copy of the state court's order is included in the current record as an attachment to Petitioner's habeas corpus petition [Docket No. 1].) That order includes the following explanation of Petitioner's prior state criminal cases:

> On September 15, 1995 the Petitioner was sentenced to serve seven (7) years in Case Number CF-1995-0553 and was sentenced to seven (7) years in Case Number CF-1995-2621. Petitioner's sentences were ordered to be served concurrently with each other and both cases were ordered to be served in the custody of the Oklahoma Department of Corrections. Petitioner has discharged both sentences. On June 27, 1996 Petitioner entered a plea of guilty in Case Number CF-1996-3291 and was sentenced to seven (7) years to do [sic]. A review of the court file reveals an agreement existed that CF-1996-3291 would be served concurrently with CF-1995-0553 **(PLEA OF GUILTY: SUMMARY OF FACTS)**. The Court concurred in the agreement and ordered CF-1996-3291 to be served concurrently with CF-1995-0553 **(PLEA OF GUILTY; Part B: Sentence on Plea)**. However, the Judgment and Sentence was incorrectly prepared as it shows that CF-1996-3291 was to be served consecutively to CF-1995-0553.
>
> The Court finds it was the intention of the District Court and the parties that CF- 1995-0553, CF-1995-2621 and CF-1996-3291 were all to be served concurrently. The Court further finds Petitioner has discharged the sentences in each of the three cases.

Although the state court declined to grant Petitioner any relief on his post-conviction motion, the court did expressly confirm that all three of Petitioner's state sentences were to be treated as concurrent with each other. The order denying the post-conviction motion states: "The Court enters an *Order Nunc Pro Tunc* correcting the Judgment and Sentence in CF-1996-3291 and **shall reflect that CF-1996-3291, CF-1995-2621 and CF-1995-05[5]3 shall be served concurrently**."

On April 22, 2013, (roughly ten weeks after the state court's order), Petitioner filed a document in his Oklahoma federal criminal case, (No. 5:08-CR-250-F), entitled "Notice

3

of Agency Error in Violation of Substantive & Common Law Jural Rights for Actual and Due Legal Notice & Redress." In that document, Petitioner described the ruling by the Oklahoma state court, i.e., that all three of his previous state court sentences were to be concurrent, and he claimed that, in light of that ruling, "he was improperly deemed an 'ARMED CAREER CRIMINAL.'" According to Petitioner, he never should have been treated as an "Armed Career Criminal" for purposes of the ACCA because the sentences that he received for his three Oklahoma state court convictions were supposed to be concurrent.

Petitioner's recent submission to the federal court in Oklahoma was construed to be a new § 2255 motion, in which Petitioner was challenging the legality of his sentencing under the ACCA. The motion was found to be a "second or successive" § 2255 motion, however, which could not be addressed on the merits without pre-authorization from the Tenth Circuit Court of Appeals as required by 28 U.S.C. § 2255(h). Because Petitioner had not obtained the requisite pre-authorization order from the Court of Appeals, his motion was summarily denied.

After concluding that Petitioner's second or successive § 2255 motion must be summarily denied, the district court considered whether the motion should be transferred directly to the Tenth Circuit Court of Appeals, so that Court could decide whether to grant Petitioner the pre-authorization order that he needed. The matter was <u>not</u> transferred to the Tenth Circuit, however, because the district court concluded that Petitioner's belated challenge to his ACCA sentencing could not succeed on the merits in any event. The district court explained:

> [T]he documents admitted at defendant's sentencing hearing showed that the subject drug offenses [i.e., Petitioner's three Oklahoma state court convictions] were separate and occurred on different occasions. Drug offenses that occur at 'distinct, different times' are treated as separate predicate offenses for purposes of § 924(e)(1) [i.e., the ACCA]. United States v. Johnson, 130 F.3d 1420, 1430 (10th Cir. 1997) (drug convictions arising out of drug sales occurring on three different dates counted as three separate convictions).[3]

In other words, the Oklahoma federal court found that even though Petitioner's sentences for his three state criminal convictions were intended to be concurrent, those convictions still counted as three separate convictions for purposes of the ACCA.

In the present habeas corpus case, Petitioner is attempting to raise the same argument that he recently presented in his Oklahoma federal criminal case. Petitioner once again claims that he "has always been mis-sentenced" under the ACCA because the recent Oklahoma state court order shows that he was required to serve only one concurrent sentence for his three state court convictions. (Petitioner's "Memorandum In Support Of 2241 Foregoing," [Docket No. 1].) Petitioner contends that he should be released from custody immediately because he has already been imprisoned longer than he would have been if not for his allegedly improper sentencing under the ACCA.

The Court finds that Petitioner is not entitled to a writ of habeas corpus for the reasons discussed below.

## II. DISCUSSION

The Court initially notes that, as a general rule, a federal prisoner can maintain a

---

[3] The 4-page order dismissing Petitioner's recent submission to the Oklahoma federal district court is dated April 25, 2013. That order, part of which is quoted in the text above, was filed in Petitioner's federal criminal case, United States v. Washington, Case No. CR-08-250-F, as Docket No. 81. (See n. 2, supra.)

5

collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). Subsection 2255(e) provides that –

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). No court has jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence under 28 U.S.C. § 2241 unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of . . . [his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," Abdullah, 392 F.3d at 959, because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive-remedy rule.

In this case, Petitioner is challenging the 180-month prison sentence that was imposed in 2009 in the Western District of Oklahoma following his conviction for being a

felon in possession of a firearm. Petitioner contends that he was wrongly sentenced under the ACCA because the trial court wrongly determined that he had three prior convictions that made him subject to sentencing under that Act. Because Petitioner is challenging the sentence imposed by the trial court, his current § 2241 habeas corpus petition is barred by the § 2255 exclusive-remedy rule unless the savings clause is applicable here.

Petitioner contends that his current claims for relief are based on new information that only recently became available to him – namely the recent order of the state district court in Oklahoma County, which confirmed that his sentences for his three prior state court convictions were to be concurrent. That state court order, which provides critical and essential support for Petitioner's current claims, was not entered until February 4, 2013. Thus, it is at least arguable that Petitioner's current claims could not have been raised until just recently. More particularly, it could be argued that Petitioner's current claims could not have been raised in a direct appeal or in his original § 2255 motion in his federal criminal case. It is therefore conceivable that this might be one of those rare cases in which the remedy provided by § 2255 is "inadequate or ineffective" for Petitioner's current claims for relief, and the savings clause might be applicable. Even if Petitioner's current claims for relief can be brought in a § 2241 habeas corpus petition, however, this action still must be summarily dismissed because Petitioner's claims are clearly without merit.

In Petitioner's underlying federal criminal case, United States v. Washington, Case No. CR-08-250-F, the district court ruled (just a short time ago) that the drug offenses that led to Petitioner's three prior state court convictions "were separate and occurred on different occasions." (See n. 3, supra.) Therefore, those three convictions were properly treated as three separate predicate offenses for purposes of the ACCA, even though the

7

sentences imposed for those three convictions were to be concurrent.

The federal district court cited two Tenth Circuit Court of Appeals' decisions, United States v. Delana, 167 Fed.Appx. 17 (10th Cir.) (unpublished opinion), cert. denied, 547 U.S. 1171 (2006), and United States v. Johnson, 130 F.3d 1420 (10th Cir. 1997), cert. denied, 525 U.S. 829 (1998), which hold that, for ACCA purposes, crimes committed at different times should be treated as separate offenses regardless of whether the crimes are later consolidated for charging, prosecution, trial or sentencing. The Eighth Circuit Court of Appeals has reached the same conclusion in multiple cases. In one such case,

> [the defendant] was previously convicted of only one serious drug offense – a 1996 conviction for three counts of delivery of a controlled substance, with each count based on a separate delivery. The District Court reasoned that [the defendant's] guilty plea to the three delivery counts constituted a single conviction because he pleaded guilty to all three counts in a single proceeding, because [the defendant's] Judgment and Commitment Order listed only one offense date, and because [the defendant] received a single ten-year sentence for all three deliveries rather than one sentence for each delivery.

United States v. Long, 320 F.3d 795, 801 (8th Cir. 2003). The Court of Appeals, however, rejected the district court's reasoning and concluded that the defendant was subject to the ACCA because "the ACCA is triggered by the criminal episodes that underlie a defendant's convictions." In Long, the Court of Appeals held that –

> [The defendant] made three separate deliveries of a controlled substance on three separate days, so each delivery constitutes a "conviction" of a serious drug offense for ACCA purposes. Although it lists one offense date, the Judgment and Commitment Order supports our conclusion because it states that [the defendant] pleaded guilty to three delivery counts, not to one count. <u>The District Court was in error to conclude that [the defendant's] three violations merged into just one</u> because the convictions occurred in the same proceeding and <u>because [the defendant] received a single sentence that accounted for all three convictions</u>. [ ¶ ] Because [the defendant] has three previous convictions for serious drug offenses, the ACCA enhancement applies.

Id. at 801-02 (emphasis added).

The Eighth Circuit has repeatedly held that, for ACCA purposes, sentencing courts should consider the number of <u>separate criminal incidents</u> that resulted in convictions, not the number of pleas, judgments or sentences. See e.g., <u>United States v. Van</u>, 543 F.3d 963, 966 (8th Cir. 2008) ("[e]ach distinct criminal episode is a separate predicate offense, regardless of the date of conviction or the number of trials or pleas"); <u>United States v. Mason</u>, 440 F.3d 1056, 1057-58 (8th Cir. 2006) ("[w]e repeatedly have held criminal episodes underlying convictions trigger application of the ACCA, not the date of the convictions or the number of trials or pleas resulting in those convictions") (citing five earlier cases).

In at least two cases, the Eighth Circuit has held that separate criminal incidents count as separate prior convictions for ACCA purposes, even if the sentences imposed for the convictions are concurrent. In <u>United States v. Speakman</u>, 330 F.3d 1080 (8th Cir. 2003), the defendant was sentenced under the ACCA based on a prior state court case in which he was charged with seven felonies. The Court of Appeals rejected the defendant's argument that "because the county prosecutor who tried these charges agreed to a single consolidated sentence, these convictions should be considered as one offense for purposes of enhancement under § 924(e)." Id. at 1082.

In <u>United States v. McDile</u>, 914 F.2d 1059 (8th Cir. 1990), <u>cert</u>. <u>denied</u>, 498 U.S. 1100 (1991), the defendant had four prior convictions, and he "received concurrent sentences for all these offenses on the same date." Id. at 1061. The Court of Appeals rejected the defendant's contention that those convictions should be viewed as only a single conviction for ACCA purposes. The Court held that, even though the convictions

were entered on the same day and resulted in concurrent sentences, for ACCA purposes the defendant "was convicted of four serious drug offenses under Missouri law." Id.

In this case, the federal court in Oklahoma has ruled that Petitioner's three prior state court convictions resulted from three "drug offenses [that] were separate and occurred on different occasions." Petitioner has offered no factual or legal grounds to revisit that determination. Therefore, this Court concludes – just as the federal court in Oklahoma – that, even though Petitioner's state sentences were to be served concurrently, his three state drug offenses still count as three separate convictions and thus he was properly sentenced under the ACCA.

## III.  CONCLUSION

In sum, Petitioner claims that he was wrongly sentenced under the ACCA. Normally, such a claim could be raised only in a § 2255 motion filed in the trial court. A federal prisoner cannot challenge his conviction or sentence in a § 2241 habeas corpus petition unless the remedy provided by § 2255 is "inadequate or ineffective" and the "saving clause" is applicable. Here, Petitioner might have a colorable argument for applying the savings clause because his claims are based on a recent state court order that clarified the terms of his sentencing in three prior state court criminal matters. According to that recent state court order, Petitioner's sentences for his three prior state court convictions were to be served concurrently. Citing this new order, Petitioner claims that he was wrongly sentenced under the ACCA because he did not actually have three prior convictions that would make him subject to the ACCA.

Petitioner's claim fails on the merits, however, because it makes no difference whether his state sentences were to be served consecutively or concurrently. What

matters is that he was convicted for three separate criminal incidents. That determination was made by the federal sentencing court, the U.S. District Court for the Western District of Oklahoma, and Petitioner has offered no reason to reconsider that determination here. Because Petitioner was properly sentenced under the ACCA, the Court will recommend that his current habeas corpus petition be denied on the merits and that this action be dismissed with prejudice.

Having determined that this action must be summarily dismissed, the Court will further recommend that Petitioner's pending application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> (Docket No. 2) be summarily denied. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii); <u>see</u> <u>also</u>, <u>Kruger v. Erickson</u>, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (<u>per</u> <u>curiam</u>) (IFP application should be denied where habeas petition must be dismissed).

[Continued on next page.]

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241 (Docket No. 1) be **DENIED**;

2. Petitioner's application to proceed in forma pauperis (Docket No. 2) be **DENIED**; and

3. This action be summarily **DISMISSED WITH PREJUDICE**.


Dated: May __31__, 2013

            *s/ Tony N. Leung*
            TONY N. LEUNG
            United States Magistrate Judge

            *Washington v. Fisher*
            File No. 13-cv-957 (SRN/TNL)


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **June 30, 2013**.