UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

James Leo Washington,

      Petitioner,

v.

Scott P. Fisher,

      Respondent.

Civ. File No. 13-957 (SRN/TNL)

**ORDER ON REPORT AND RECOMMENDATION**

---

James Leo Washington, III, *pro se*, P.O. Box 1000 Sandstone, MN 55072.

Ann M. Bildtsen, Esq., United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota, 55415, on behalf of Respondent.

---

**SUSAN RICHARD NELSON**, District Judge.

    **I.**    **INTRODUCTION**

This matter is before the undersigned United States District Court Judge on the Report and Recommendation ("R&R") of Magistrate Judge Tony N. Leung, dated May 31, 2013 [Doc. No. 3]. Magistrate Judge Leung recommended that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 be dismissed. (Id.) Petitioner James Leo Washington, III ("Washington") objected to the R&R. (Objections [Doc. Nos. 5 & 7].)[1] Respondent submits that the R&R should be adopted in its entirety [Doc. No. 8]. Based

---

[1] Petitioner's Objections appear to have been docketed twice in this action. Cf. Doc. No. 5 & Doc. No. 7.

on a *de novo* review, this Court agrees with the Magistrate Judge that this case should be dismissed.

## II.     BACKGROUND

The factual and procedural background of this matter is thoroughly detailed in the magistrate judge's R&R and is incorporated herein by reference. (R&R [Doc. No. 3].) Petitioner is serving a 180-month prison sentence at the Federal Correctional Institute in Sandstone, Minnesota. (Id. at 1.) After Petitioner pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), the United States District Court for the Western District of Oklahoma (hereinafter, "Oklahoma federal court"), sentenced him in March 2009. (Id. at 1-2.) Because Petitioner had previously been convicted of three state court drug offenses, his federal sentence was based on the mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). (Id.)

While Petitioner did not file a direct appeal of his federal sentence or conviction, he filed a timely motion for post-conviction relief under 28 U.S.C. § 2255. (Id.) The Oklahoma federal court denied the motion and rejected Petitioner's claims that: (1) he was denied effective assistance of counsel; and (2) he was wrongly sentenced under the ACCA. (Id.) While Petitioner attempted to appeal that ruling, the Tenth Circuit Court of Appeals did not grant him a certificate of appealability. (Id.)

Subsequently, Petitioner filed a motion in state district court in Oklahoma County, Oklahoma, seeking post-conviction relief. (Id.) In the state court proceeding, Petitioner challenged the three state court convictions that caused him to be sentenced under the

ACCA in his federal criminal case. (Id.) Petitioner was originally sentenced to concurrently serve seven years for the first two state court cases. (Id. at 3.) Petitioner served those sentences. (Id.) Subsequently, Petitioner entered a guilty plea in the third case, and was again sentenced to serve seven years. (Id.) By an order dated February 4, 2013, on Petitioner's motion for post-conviction relief, the Oklahoma state district court concluded that the judgment and sentence for the third conviction was prepared incorrectly, to the extent it provided that Petitioner was to serve the third sentence consecutively to the first two offenses. (Id.) The court confirmed that, "it was the intention of the District Court and the parties that CF-1995-0553, CF-1995-2621 and CF-1996-3291 were all to be served concurrently. The Court further finds that Petitioner has discharged the sentence in each of the three cases." (Id.) While the Oklahoma state court did not grant Petitioner's motion for post-conviction relief, it did confirm that the state court sentences were to be served concurrently and entered an Order *Nunc Pro Tunc* correcting the judgment and sentence for the third state court conviction. (Id.)

After the Oklahoma State Court's February 4, 2013 Order, Petitioner filed a document in his Oklahoma federal case, in April 2013, entitled "Notice of Agency Error in Violation of Substantive & Common Law Jural Rights for Actual and Due Legal Notice & Relief." (Id. at 3-4.) Petitioner argued that the state court order concluding that his sentences were to be served concurrently confirmed that he was wrongly sentenced as an armed career criminal in his federal case. (Id. at 4.) The federal court in Oklahoma construed the Notice to be a new § 2255 motion, and adjudged that the notice was a second or successive §2255 motion, which could not be decided on the merits without

3

pre-authorization from the Tenth Circuit. (Id.) In addition, the Oklahoma federal court declined to transfer the matter directly to the Tenth Circuit, so that that court could decide whether to grant Petitioner the necessary pre-authorization. (Id.) The court declined such a transfer, finding that, in any event, Petitioner's challenge to his sentencing under the ACCA could not succeed on the merits. (Id.) As Magistrate Judge Leung explained in the R&R, "the Oklahoma federal court found that even though Petitioner's sentences for his three state criminal convictions were intended to be concurrent, those convictions still counted as three separate convictions for purposes of the ACCA." (Id. at 5.) After Magistrate Judge Leung's R&R was issued, the Tenth Circuit again declined to issue a Certificate of Appealability, finding that Petitioner's "Notice" was essentially a successive § 2255 petition. United States v. Washington, 13-cr-6131 (Order Denying Certificate of Appealability, Oct. 17, 2013).

In his Petition in the instant case, Petitioner challenges the applicability of the ACCA to his case. (Petition at 1 [Doc. No. 1].) Petitioner states that he is challenging his current federal court sentence and original state court sentence because of the "new" information wherein the state court Order *Nunc Pro Tunc* confirmed his sentences were to be served concurrently. Petitioner argues that these concurrent state court sentences should count as one sentence or crime for purposes of the ACCA. (Id.)

### III. DISCUSSION

Generally, a collateral challenge to a federal sentence or conviction must be raised in a motion to vacate in the sentencing court under § 2255. (R&R at 6 [Doc. No. 3].) "In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available

4

to a federal prisoner who is asserting a collateral challenge to his conviction or sentence." (Id.) (emphasis supplied); see also Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003); cited in Bradley v. United States, 13-CV-824, 2013 WL 3199840, *2 (D. Minn. June 24, 2013). A court may not entertain a challenge to a prisoner's original sentence or conviction pursuant to 28 U.S.C. § 2241, unless the prisoner "has affirmatively demonstrated that the remedy provided by § 2255 'is inadequate or ineffective to test the legality of . . . [his] detention." (R&R at 6 [Doc. No. 3]) (quoting DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986)); see also Olson v. Federal Bureau of Prisons, 12 F.3d 1103, 1993 WL 494177, *2 (8th Cir. 1993) (table decision)). The inadequate or ineffective remedy exception is sometimes referred to as "the savings clause" because it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule. (R&R at 6 [Doc. No. 3]); see also Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 534 U.S. 923 (2001). A petitioner's inability to obtain relief under §2255 or an erroneous decision on a § 2255 motion does not render the § 2255 remedy inadequate or ineffective, however. Prost v. Anderson, 636 F.3d 578, 582 (10th Cir. 2011) (citing Sines v. Wilner, 609 F.3d 1070, 1073 (10th Cir. 2010)).

While Petitioner states in the instant Petition that his claims for relief arose "subsequent to sentencing" (Petition, Ground 2, at 3 [Doc. No. 1]), in contrast, in Petitioner's Objections to the R&R, he indicates a long-standing awareness of the sentencing error claims:

> WASHINGTON claims that he was wrongly sentenced under ACCA due to the oversight by the USDC in the first instance caused by the State Courts failing to notice an error in their judgment over 10 years ago. Though

5

> WASHINGTON presented these same truths all those years ago the USDC's have turned a blind eye to date and now when WASHINGTON demonstrates they have been wrong all along they attempt to overlook it and brush the truth aside.

(Objections at 1 [Doc. Nos. 5 & 7].)  To the extent that Petitioner now argues that he has long been aware of the basis for his Petition, and that he raised the concurrent sentencing issue at the time of the original sentencing, the savings clause is inapplicable.  If Petitioner has long known of the basis for the claims for which he seeks relief here, any such arguments should have been raised in the original state court judgment or on direct appeal.  In any event, this argument does not support a § 2241 motion in the jurisdiction of confinement.  Hill, 349 F.3d at 1091.  Based on the argument raised in his Objections, the savings clause is inapplicable and this Court lacks jurisdiction to hear Petitioner's collateral challenge to his original conviction because Petitioner has not established that the remedy provided by § 2255 is inadequate or ineffective.  DiSimone, 805 F.2d at 323.

In his Petition, however, Petitioner contends that his claims for relief are based on "new information" that was only recently available to him.  Specifically, he points to the February 4, 2013 state court order ruling that his state court sentences were to be served concurrently.  (R&R at 7 [Doc. No. 3].)  Magistrate Judge Leung - who did not have Petitioner's Objections before him  - observed that Petitioner asserted at least an arguable claim that his current claims could not have been raised until recently.  (Id.)  The Magistrate Judge noted that "this might be one of those rare cases in which the remedy provided by § 2255 is 'inadequate or ineffective' for Petitioner's current claims for relief, and the savings clause might be applicable."  (Id.)

6

However, as the magistrate judge determined, even if the savings clause applies, the Petition fails on the merits. (Id. at 7-11.) Regardless of whether Petitioner should have been sentenced concurrently in state court, his three separate convictions were properly treated as three separate predicate offenses under the ACCA. The plain language of the ACCA requires only that the prior convictions be for violent felonies and/or serious drug offenses "committed on occasions different from one another." 18 U.S.C. § 924(e)(1); United States v. Delana, 167 Fed. App'x 17, 21 (10th Cir. 2006) (table decision). There is no exception in the Act for cases where concurrent sentences are imposed. Id. A defendant is guilty of separate offenses under the ACCA, even where the convictions occurred in the same proceeding and resulted in a single sentence, when the defendant committed three separate controlled substance deliveries on three separate days. United States v. Long, 320 F.3d 795, 802 (8th Cir. 2003). In Long, the Eighth Circuit concluded that each delivery constituted a "conviction" for purposes of the ACCA. Id.; see also Delana, 167 Fed. App'x at 21 (three drug convictions supported ACCA sentencing even where drug offenses were related and court imposed concurrent sentences); United States v. Rickett, 516 Fed. App'x 606, 607 (8th Cir. 2013); (asserting burglaries committed on separate dates constituted separate offenses for the ACCA even though sentences were to be served concurrently); United States v. Van, 543 F.3d 963, 966 (8th Cir. 2008) (affirming district court's holding that drug convictions for deliveries occurring on separate dates were "distinct" for purposes of the ACCA); United States v. Agwu, 271 Fed. App'x 546 (8th Cir. 2008) (rejecting defendant's argument that prior offenses resulting in a single concurrent sentence should be treated as a single offense for

7

purposes of the ACCA); United States v. McDile, 914 F.2d 1059, 1061 (8th Cir. 1990), cert. denied, 498 U.S. 1100 (1991) (holding four drug sales to two undercover officers in an eight-day period were separate offenses).

In the instant case, the federal court in Oklahoma clearly held that Petitioner's underlying state court offenses were separate convictions even though the state sentences were to be served concurrently. As the court stated, "the documents admitted at defendant's sentencing hearing showed that the subject drug offenses were separate and occurred on different occasions." United States v. Washington, No. 08-0250-F, Order, Doc. 81, (W.D. Okla. April 25, 2013). The law is clear that multiple convictions that are supposed to be served concurrently, can nevertheless constitute separate offenses for purposes of the ACCA. Even considering the *Nunc Pro Tunc* Order from the Oklahoma court, there is nothing in the record to suggest Petitioner's underlying drug offenses were not separate and distinct for purposes of the ACCA. Accordingly, the Court concludes that the magistrate judge properly evaluated Petitioner's arguments and recommended the dismissal of the Petition.

Based on the argument that Petitioner appears to present in his Objections, this Court does not have jurisdiction over this Petition. But even so, if the Court has misconstrued Petitioner's Objections such that the savings clause applies, the Petition fails on the merits, as the Magistrate Judge correctly determined.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Magistrate Judge Leung's R&R [Doc. No. 3] is **ADOPTED**;

2. The Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] is **DENIED**;

3. Petitioner's Application to Proceed In Forma Pauperis [Doc. No. 2] is **DENIED**; and

4. This Action is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 13, 2014                                s/Susan Richard Nelson
                                                        SUSAN RICHARD NELSON
                                                        United States District Judge